FILED
2013 Mar-26 PM 05:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| DONALD J. HUDDLESTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 11-S-439-NW |
| ) | |
| SUNSHINE MILLS, INC., ) | |
| ) | |
| Defendant. ) | |

## SUNSHINE MILLS INC.'S REPLY TO PLAINTIFF DONALD J. HUDDLESTON'S AMENDED OPPOSITION TO SUMMARY JUDGMENT

E. Britton Monroe, Esq.
Taffi S. Stewart, Esq.
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 Twentieth Place South
Birmingham, Alabama 35223
Phone: (205) 967-8822
Fax: (205) 967-2380
bmonroe@lgwmlaw.com
tstewart@lgwmlaw.com

Attorneys for Sunshine Mills, Inc.

Pursuant to Appendix II of the Court's February 15, 2012 Uniform Initial Order (Doc. 8) and the Court's Order of March 1, 2013 (Doc. 39), Sunshine Mills, Inc. ("Sunshine") submits its Reply to Plaintiff Donald J. Huddleston's ("Mr. Huddleston") Amended Opposition to Defendant's Motion for Summary Judgment (the "Opposition"). Sunshine submits its Motion for Summary Judgment is due to be granted in all respects, and Mr. Huddleston's claims are due to be dismissed, with prejudice, for each ground set forth in its initial Motion and Memorandum of Law filed on February 4, 2013 (Docs. 33 and 34) and the following:[1]

## I. RESPONSE TO ADDITIONAL UNDISPUTED FACTS.

138-39.   The evidence to which Mr. Huddleston cites does not support these statements. Moreover, the 90-day evaluation referenced in Sunshine's Policy Manual is completed once an employee has worked for Sunshine for 90 days, not when an employee switches positions.

141.   The evidence to which Mr. Huddleston cites does not support this statement of fact.

142-43.   These are statements of argument, rather than fact, and they are not

---

[1] On March 20, 2013, Sunshine filed its Motion to Strike Mr. Huddleston's Amended Opposition based on Mr. Huddleston's non-compliance with Appendix II of the Uniform Initial Order and Mr. Huddleston's assertion of new claims at summary judgment. (Doc. 41). Sunshine submits this reply in the event the Court denies, in whole or in part, Sunshine's Motion.

supported by any evidence.

144.    The evidence to which Mr. Huddleston cites does not support this statement of fact.

145-46.    These are statements of argument, rather than fact, and they are not supported by any evidence.

147.    The evidence to which Mr. Huddleston cites does not support this statement of fact.

148-51.    This appears to be an attempted statement of various laws that are not at issue.

153.    The evidence to which Mr. Huddleston cites does not support this statement of fact.

154-160.    These are statements of argument, rather than fact, and they are not supported by any evidence.

## II.    REPLY TO MR. HUDDLESTON'S ARGUMENT.

### A.    MR. HUDDLESTON IS BARRED FROM PURSING HIS CLAIMS FOR DISPARATE IMPACT AND BREACH OF CONTRACT.

In his Amended Opposition, Mr. Huddleston asserts for the first time a claim for disparate impact under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq., ("Title VII") and a breach of contract claim. (Doc. 40, pp.

55-66). The Court's April 10, 2012 Order disposed of all of Mr. Huddleston's claims with the exception of his claims for disparate treatment under Title VII and for violation of the Fair Labor Standards Act ("FLSA") (Doc. 17).[2] Pursuant to the Court's Scheduling Order, the Parties could not assert any new claims after August 6, 2012. (Doc. 30). Between April 10, 2012, Mr. Huddleston did not amend his complaint, provide testimony in his deposition or interrogatory answers to support new claims or otherwise seek leave to assert new claims. As such, Mr. Huddleston is barred from raising his disparate impact and breach of contract claims for the first time at summary judgment. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (citing Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996)) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); Price v. M&H Valve Co., 177 Fed. Appx. 1, 2006 WL 897231 at *11 n.7 (11th Cir. 2006) (citing Gilmour, 382 F.3d at 1314) (finding that claims asserted "for the first time in [a] brief opposing summary judgment" are due to be dismissed); Sands v. Key West Hous. Auth., No. 06-10067-CIV-GARBER, 2007 U.S. Dist. Lexis 34322 at *10-17, 2007 WL 1412943 (S.D. Fla. May 10, 2007).

---

[2] Because Mr. Huddleston's Complaint appeared to allege a claim for retaliation, Sunshine filed a Supplemental Motion to Dismiss. (Doc. 18). In response, Mr. Huddleston confirmed to the Court that he never intended to assert a claim for retaliation under Title VII. The Court ordered on May 18, 2012, that Mr. Huddleston's only Title VII claim was one of race discrimination. (Doc. 24).

32.[3]

## B. MR. HUDDLESTON DID NOT PRESENT ANY EVIDENCE TO DEFEAT SUNSHINE'S MOTION FOR SUMMARY JUDGMENT WITH REGARD TO HIS DISPARATE TREATMENT CLAIM.

Mr. Huddleston's only claim for race discrimination in his Complaint was that he was treated less favorably than Caucasians when he was removed from the maintenance position. In its Motion for Summary Judgment, Sunshine argues the claim is due to be dismissed because Mr. Huddleston cannot present substantial evidence of a prima facie case or pretext. (Doc. 34, pp. 14-20). The only argument Mr. Huddleston appears to assert in opposition is that neither Terry Childers ("Mr. Childers") nor Jon McKinney ("Mr. McKinney") told him he was not qualified. (Doc. 40, p. 55, at No. 3). Unfortunately for Mr. Huddleston, this is insufficient to defeat summary judgment.

Whether Mr. Huddleston was specifically told he was "not qualified" does not have a bearing on if he can establish a prima facie case for discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973); Wilson v. B/E Aerospace, Inc., 376 F.3d 1079 (11th Cir. 2004) (setting forth elements for a prima

---

[3] Mr. Huddleston's Amended Opposition includes several statistics regarding Sunshine's work force. These statistics are not supported by any evidence presented through the course of discovery in the case, and Mr. Huddleston provides no citations for them. As such, they are mere speculation.

facie case under Title VII). Moreover, Mr. Huddleston admitted he lacked the necessary knowledge, training and expertise to maintain all of Sunshine's machinery and that a maintenance position at Sunshine required the ability to maintain, service and use all machinery at Sunshine. (Doc. 35-2, pp. 17:12-20:9, 141:10-142:19, 145:12-146:13, 170:5-171:21, 174:9-13, 243:4-244:17). As such, Mr. Huddleston admitted he was not qualified for the position, and, thereby, admits he cannot establish a prima facie case.

Even if Mr. Huddleston had presented substantial evidence he was qualified for the maintenance position, Sunshine is still entitled to summary judgment. Mr. Huddleston failed to present any argument or evidence to refute Sunshine's arguments that (1) Mr. Huddleston did not suffer an adverse employment action; (2) Sunshine did not treat similarly situated employees outside his protected class more favorably than it treated him; or (3) Sunshine had a legitimate, non-discriminatory reason to remove him from the maintenance position. As such, Mr. Huddleston concedes Sunshine's position is correct. See City of Canton, Ohio v. Harris, 489 U.S. 378, 378-79 (1989) (holding failure to dispute an issue in opposition constitutes waiver); Hawthorne v. Sears Termite & Pest Control, Inc., 309 F. Supp. 2d 1318, 1327 (M.D. Ala. 2003); Butler v. Michigan Mut. Ins. Co., 402 So.2d 949, 953 (Ala. 1981) (holding that when no evidence is offered to contradict that presented by the

movant, the Court has no alternative to consider the evidence uncontroverted and grant summary judgment).

### C. MR. HUDDLESTON DID NOT PRESENT ANY EVIDENCE TO DEFEAT SUNSHINE'S MOTION FOR SUMMARY JUDGMENT WITH REGARD TO HIS CLAIMS UNDER THE FLSA.

#### 1. Mr. Huddleston's argument regarding his overtime claim is unsupported.

In its Motion for Summary Judgment, Sunshine argues for the dismissal of Mr. Huddleston's overtime claim because Mr. Huddleston cannot present substantial evidence he actually worked overtime for which he was not compensated. (Doc. 34, p. 23-25). Mr. Huddleston's only argument in opposition is that Sunshine's production sheets should not be "construed as the only hours worked by [him]." (Doc. 40, p. 62). This is flawed for two reasons. First, Mr. Huddleston does not present the Court with any evidence he actually worked overtime hours for which he was not compensated, which is required by the law. See Allen v. Bc. of Pub. Educ., 495 F.3d 1306, 1314-15 (11th Cir. 2007).[4] Second, Mr. Huddleston unequivocally admitted in his deposition that Sunshine's production sheets, which he either

---

[4] Mr. Huddleston admitted during his deposition there was no need for him to clock in early as the start of his shift was when he needed to begin work. (Doc. 35-2, pp. 310:1-3, 322:19-327:16). He also admitted Sunshine was not obligated to compensate him for time he was not actually working. (Doc. 35-2, pp. 343:11-344:10).

6

completed or approved, accurately reflect the hours he actually worked, and the evidence shows he was paid consistent with the production sheets. (Doc. 35-2, pp. 313:9-314:19, 322:3-21; Doc. 35-5, ¶s 7-9). As such, Mr. Huddleston admitted he was properly paid.

### 2. Mr. Huddleston did not present any opposition to Sunshine's argument with regard to his retaliation claim.

In its Motion for Summary Judgment, Sunshine argues for the dismissal of Mr. Huddleston's retaliation claim under the FLSA. Absent from Mr. Huddleston's Amended Opposition is any argument as to why Sunshine's arguments are without merit. As such, Mr. Huddleston has conceded Sunshine is correct, and his claim for retaliation is due to be dismissed, with prejudice. See Butler, 402 So.2d at 953.

### III. CONCLUSION.

Mr. Huddleston's Amended Opposition is insufficient to defeat Sunshine's Motion for Summary Judgment. The Court should not even consider his arguments relating to breach of contract and disparate impact under Title VII, since these claims were first raised at summary judgment. Mr. Huddleston's arguments regarding his disparate treatment claim fail because he does not present any evidence, much less substantial evidence, that he was qualified, and he concedes Sunshine's remaining arguments. Similarly, with regard to his claims under the FLSA, Sunshine's Motion

is due to be granted since Mr. Huddleston fails to present the Court with any evidence he actually worked overtime hours for which he was not compensated and concedes Sunshine's remaining arguments. As such, Sunshine respectfully requests the Court enter an Order granting its Motion for Summary Judgment and dismissing, with prejudice, all of Mr. Huddleston's claims against Sunshine.

Dated: March 26, 2013.

Respectfully submitted,

*/s Taffi S. Stewart*
E. Britton Monroe (ASB-1454-072E)
Taffi S. Stewart (ASB-0450-M72T)
Attorneys for Sunshine Mills, Inc.

**OF COUNSEL**:
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Phone: (205) 967-8822
Fax: (205) 967-2380
bmonroe@lgwmlaw.com
tstewart@lgwmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2013, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Donald J. Huddleston
50 Weatherspoon Road
Fulton, Mississippi 38843

*/s Taffi S. Stewart*
**OF COUNSEL**